UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
REGINALD HOLLOMAN                                Index No.:

                Plaintiff,

                                      **COMPLAINT**

  -against-

                                      Plaintiff Demands Trial by Jury

CITY OF NEW YORK,
POLICE OFFICER BRIAN OSIPOWICH and
POLICE OFFICER FRANCISCO JIMENEZ,

                Defendants.
-------------------------------------------------------X

       Plaintiff, REGINALD HOLLOMAN, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, The CITY OF NEW YORK, POLICE OFFICER BRIAN OSIPOWICH, Shield No. 15406 ("P.O. OSIPOWICH") and POLICE OFFICER FRANCISCO JIMENEZ, Shield No. unknown, ("P.O. JIMENEZ"), upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

       1.      This is a civil rights action in which the plaintiff, REGINALD HOLLOMAN seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

       2.      This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon

this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is a United States citizen of full age and a resident of Kings County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7. Defendant POLICE OFFICER BRIAN OSIPOWICH was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. OSIPOWICH acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City

of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant POLICE OFFICER FRANCISCO JIMENEZ was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. JIMENEZ acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

9. On or about September 28, 2016 plaintiff was on the third floor of the residence located at 217 Cornelia Street in Brooklyn.

10. On or about September 28, 2016 the third floor of 217 Cornelia Street contained three bedrooms – a small bedroom at the front of the house, a large bedroom at the front of the house and a third bedroom at the top of the stairs.

11. On or about September 28, 2016 plaintiff was renting the small bedroom in the front of the house, while two other individuals rented the other two bedrooms on the third floor.

12. On or about September 28, 2016 a fire erupted on the second floor of 217 Cornelia Street.

13. Plaintiff, who was in the shower on the third floor when the fire erupted, quickly evacuated the premises.

14. Eventually, FDNY responded to the scene and extinguished the fire.

15. Once the fire was put out an FDNY Captain named Drew D'Emic discovered what appeared to be narcotics in the bedroom at the top of the stairs on the third floor.

16. Captain D'Emic alerted defendant P.O. Osipowich, who was already on the scene.

17. Defendant P.O. Osipowich and his partner, defendant P.O Jimenez, went up to the third floor and saw the narcotics on the bed in the small bedroom at the top of the stairs. At that time they also discovered additional narcotics, money and a loaded firearm.

18. After making this discovery, defendant P.O. Osipowich presented a sworn application for a search warrant to the Criminal Court for King's County in which he stated that he discovered plaintiff's wallet in the same bedroom as the contraband and that he was told by Captain D'Emic that plaintiff was on the third floor when he and other FDNY personel came up the stairs and that plaintiff was refusing to leave the premises at that time.

19. Later, P.O. Osipowich would also claim that he discovered plaintiff's check book and debit card in the same room as the contraband pursuant to the search warrant.

20. All of these claims were false.

21. In the criminal prosecution that resulted from defendant P.O. Osipowich's false claims against plaintiff, defendant P.O. Osipowich repeated these statements at Grand Jury, hearings and at trial.

22. At plaintiff's criminal trial, defendant P.O. Jimenez knowingly testified falsely in support of P.O. Osipowich.

23. The case against plaintiff was dismissed and sealed after plaintiff was acquitted by a jury of all charges.

24. As a result of the defendants' unconstitutional acts, plaintiff was forced to endure a period of false imprisonment lasting approximately one week and a prosecution lasting approximately two years. Additionally, he was forced to retain counsel and incur a bond fee at significant cost.

## AS FOR A FIRST CAUSE OF ACTION

*Deprivation of Rights in violation of 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution as against all Defendants*

25. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

26. At all times during the events described above defendants lacked probable cause to arrest plaintiff.

27. At all times during the events described above defendants lacked probable cause to charge plaintiff with criminal conduct.

28. At all times during the events described above defendants lacked probable cause to initiate a criminal action against plaintiff.

29. All of the aforementioned acts of defendants were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth

Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

31. The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

32. The acts complained of deprived plaintiff of his rights:

  i. To be free from false arrest;
  ii. To be free from unwarranted and malicious criminal prosecution;
  iii. To receive a fair trial; and
  iv. To be free from deprivation of liberty without due process of law.

## AS FOR A SECOND CAUSE OF ACTION

*MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK*

33. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

34. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the police officer defendants because their conduct was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

35. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allow for police officers to make arrests and file criminal charges without probable cause and in flagrant violation of their sworn oaths to uphold the Constitution.

36. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

37. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

38. The wrongful polices, practices and customs complained of herein, demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: <u>05/21/2019</u>
      Brooklyn, NY

By:    <u>/s/Alexis G. Padilla</u>
      Alexis G. Padilla, Esq. [AP8285]
      *Attorney for Plaintiff*
      *Reginald Holloman*
      575 Decatur Street #3
      Brooklyn, NY 11233
      Tel. 917 238 2993
      alexpadilla722@gmail.com